IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KENTRELL GARDNER                                             PETITIONER

v.                                                 No. 1:23CV113-GHD-RP

MONROE COUNTY CIRCUIT COURT                                 RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kentrell Gardner for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely, or, alternatively, procedurally defaulted or on the merits. Gardner has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed on the merits as frivolous.[1]

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56.

---

[1] The instant petition is so clearly without merit that the court need not consider the complex procedural issues identified in the State's well-crafted motion to dismiss.

Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture[2]

Kentrell Gardner is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the East Mississippi Correctional Facility ("EMCF"). Gardner's MDOC inmate time sheet reflects the following three Monroe County Circuit Court convictions and sentences: (1) residential burglary in Cause Number CR2017-177 (Count 2) and resulting 20-year sentence in MDOC custody, followed by a 5-year term of probation; (2) conspiracy in Cause Number CR2022-408 (Count 2) and resulting 5-year sentence in MDOC custody to run consecutively to his 20-year sentence in Cause Number CR2017-177; and (3) possession of contraband in prison in Cause Number CR2022-408 (Count 1) and resulting 5-year term of

---

[2] The court has drawn the facts and procedural posture in this memorandum opinion from the State's Motion to Dismiss, as they are both well-documented and uncontested. Only a small fraction of the facts and procedural history of this case bear on the ultimate conclusion in this opinion; however, a detailed account paints a more complete picture of the events as they unfolded, giving the reader a better frame of reference.

probation to run consecutively to his 5-year sentence in Cause Number CR2022-408 (Count 2).
**Exhibit A.**[3]

Gardner cites many of his Monroe County Cause Numbers in his *pro se* federal *habeas corpus* petition. *See* Doc. 1. On page one, he references the three convictions and sentences listed on his MDOC inmate time sheet and detailed above. Doc. 1 at 1. On page thirteen, Gardner again lists Cause Number CR2022-408, in addition to two of his other Monroe County Circuit Court Cause Numbers—CR2019-082 and CR2020-108. Doc. 1 at 13. The court thus outlines the procedural history in the five cases referenced by Gardner in his petition to demonstrate that the petition should be dismissed.

**Procedural History**

**Monroe County Circuit Court Proceedings**

*2017 Burglary of a Dwelling Plea and Sentences*

On October 10, 2017, Gardner was charged by criminal information with two counts of burglary of a dwelling. SCR, Cause No. CR2017-177 at 5. On the same date, Gardner waived formal indictment, pled guilty, and the trial court entered separate sentencing order on each of the two counts of burglary. SCR, Cause No. CR2017-177 at 6–12.

On October 17, 2017, the trial court filed the first order, sentencing Gardner to a term of three years in MDOC custody on Count 1 of burglary, to run concurrently with his three-year sentence for aggravated assault in Monroe County Circuit Court Cause Number CR2015-099. **Exhibit B**; *see also* SCR, Cause No. CR2017-177 at 9; SCR, Cause No. CR2015-099. In the second order, the trial court sentenced Gardner to a term of twenty-five years in MDOC custody, with all twenty-five years suspended and five years of PRS upon release from incarceration, to

---

[3] The exhibits referenced in this memorandum opinion may be found attached to the State's response to the instant petition for a writ of *habeas corpus*.

run consecutively to his sentences in Count 1 of CR2017-177 and Count 1 of CR2015-099. **Exhibit C**; *see also* SCR, Cause No. CR2017-177 at 10–12.

On February 12, 2019, MDOC filed a notification of Gardner's release from physical MDOC custody on March 2, 2019, "due to expiration of sentence" in Cause Numbers CR2017-177 and CR2015-099. SCR, Cause No. CR2017-177 at 27; Cause No. CR2015-099.

*Preliminary Proceedings on 2019 and 2020 Charges Ultimately Retired to the Files.*

On March 15, 2019, Gardner was indicted on four charges (arising out of acts he perpetrated on January 3, 2019): (1) aggravated assault with a weapon, (2) armed robbery, (3) armed robbery, and (4) felon in possession of a weapon, as a habitual offender under Mississippi Code Annotated section 99-19-83. SCR, Cause No. CR2019-082 at 7–9. On June 13, 2019, the trial court entered an arraignment order and set an appearance bond of $50,000.00. SCR, Cause No. CR2019-082 at 14. Gardner's counsel filed a motion for bond reduction, and an appearance bond was filed on June 26, 2029, conditioned upon Gardner's appearance on July 31, 2019, on his pending charges. SCR, Cause No. CR2019-082 at 19–22.

In August 2019, the trial court set Gardner's trial for October 10, 2019. SCR, Cause No. CR2019-082 at 23–24. Gardner's counsel, Luanne Thompson, filed a motion to substitute counsel because Gardner "ha[d] since retained ... Robert Sneed Laher to represent him" on his pending charges. SCR, Cause No. CR2019-082 at 25–27. On August 30, 2019, Laher filed a motion for discovery. SCR, Cause No. CR2019-082 at 29–34. On September 30, 2019, the trial court entered an order substituting Laher as Gardner's counsel. SCR, Cause No. CR2019-082 at 36.

*2020 Revocation (the subject of the instant habeas corpus petition)*

- 4 -

On November 12, 2019, MDOC filed an affidavit citing Gardner's violations of his PRS: "On 11/10/19 the offender was arrested by the Aberdeen Police Department and charged with the new felonies of [r]obbery, [p]ossession of firearm by [a] convicted felon and escape along with the misdemeanor of failure to comply." SCR, Cause No. CR2017-177 at 32. At his revocation hearing, Gardner signed waivers to certain of his rights. SCR, Cause No. CR2017-177 at 33–34.

On November 14, 2020, MDOC filed a petition to revoke Gardner's PRS and impose his twenty-five-year suspended sentence – citing additional violations of PRS:

> 1. [Gardner] has violated condition 9 of his sentencing order. On 11/10/19 the offender was arrested by the Aberdeen Police Department and charged with the new felonies of [r]obbery, [p]ossession of firearm by [a] convicted felon and escape along with the misdemeanor of failure to comply.
>
> 2. [Gardner] has violated condition 5 of his sentencing order. On 11/10/2019 Aberdeen Police Officer Chaz Thompson was arresting [Gardner] and saw a firearm in his waist band. It was determined to be a Spring Field Armory .45 Cal pistol.

SCR, Cause No. CR2017-177 at 35. MDOC attached the supporting warrant to the petition to revoke. *Id.*

The trial court originally set Gardner's revocation hearing for November 20, 2019. SCR, Cause No. CR2017-177 at 38. After numerous continuances and substitution of counsel, the trial court entered an order revoking Gardner's PRS on April 14, 2020, for "[f]ailure to live at liberty without violating any laws." **Exhibit D**; *see also* SCR, Cause No. CR2017-177 at 39–58. That order contained scrivener's errors in the trial court's recitations of its conclusions from Gardner's revocation hearing. **Exhibit D**; *see also* SCR, Cause No. CR2017-177 at 58 (listing another defendant's name and the crime of sale of cocaine in the body of the order). But the trial court ordered that Gardner's twenty-five-year suspended sentence for burglary be revoked and that Gardner serve twenty years in MDOC custody. **Exhibit D**; *see also* SCR, Cause No. CR2017-

- 5 -

177 at 58. The trial court ordered that "[t]he remaining five (5) year(s) shall remain suspended conditioned upon [Gardner]'s good behavior and that he does not violate any laws upon his release from custody." **Exhibit D**; *see also* SCR, Cause No. CR2017-177 at 58. Finally, the trial court credited Gardner with "time served awaiting his hearing." **Exhibit D**; *see also* SCR, Cause No. CR2017-177 at 58. The trial court also filed an exhibit list, indicating that Gardner's revocation hearing was held on March 20, 2020, and that the trial court received exhibits from the State – including a narrative of Officer Thompson, a narrative of Officer Wade, and a photo of a handgun. SCR, Cause No. CR2017-177 at 62. The exhibit list also shows that the trial court received a "CD containing video" as a defense exhibit. SCR, Cause No. CR2017-177 at 62.

On September 28, 2020, the trial court entered an amended order revoking Gardner's revocation, correcting its prior scrivener's errors in the body of the prior order, but maintaining its basis for revocation—Gardner's "[f]ailure to live at liberty without violating any laws—and its sentence on Gardner's revocation. **Exhibit E**; *see also* SCR, Cause No. CR2017-177 at 63–65.

   *Additional Proceedings on Gardner's 2019 and*
   *2020 Charges Ultimately Retired to the Files.*

In December 2019, the trial court set Gardner's trial in Cause Number CR2019-082 for February 13, 2020. SCR, Cause No. CR2019-082 at 37–38. On January 16, 2020, Gardner filed three *pro se* motions: (1) a "motion of discovery"; (2) a "motion to dismiss for lack of prosecution"; and (3) a "motion to suppress evidence." SCR, Cause No. CR2019-082 at 39–44. The following day, Laher moved to withdraw as Gardner's counsel because "[Gardner] no longer wishe[d] to be represented by [Laher]." SCR, Cause No. CR2019-082 at 45. On the same date, Gardner filed a *pro se* "Waiver of Arraignment" "to help expedite the course of the[] proceedings." SCR, Cause No. CR2019-082 at 48. On February 24, 2020, the trial court ordered

- 6 -

that Laher be allowed to withdraw from his representation of Gardner. SCR, Cause No. CR2019-082 at 50. On April 23, 2020, the trial court entered an order setting Gardner's trial for June 11, 2020, and listing Thompson as Gardner's counsel of record again. SCR, Cause No. CR2019-082 at 51–52.

On April 30, 2020, Gardner was indicted in Cause Number CR2020-108 on charges for his November 10, 2019, possession of a firearm as a convicted felon (Count 1) and escape from the custody of the Aberdeen Police Department while under lawful arrest for a charge of a felony (Count 2). SCR, Cause No. CR2020-108 at 5–6. The Monroe County Sheriff filed a return certifying execution of the warrant for Gardner's arrest on May 11, 2020. SCR, Cause No. CR2020-108 at 13. On May 21, 2020, Gardner filed three *pro se* pleadings: (1) a "motion for discovery"; (2) a "waiver of arraignment"; and (3) a "motion to suppress." SCR, Cause No. CR2020-108 at 9–11. On May 22, 2020, the trial court issued an arraignment order, appointing Thompson as Gardner's counsel and scheduling a meeting on June 1, 2020, to discuss a guilty plea. SCR, Cause No. CR2020-108 at 14.

On June 9, 2020, Thompson filed a motion for discovery in Cause Number CR2019-082. SCR, Cause No. CR2019-082 at 53–54. On June 19, 2020, Gardner filed another four *pro se* documents in that case: (1) a "motion for discovery"; (2) an "order for motions"; (3) a "motion to want of prosecution"; and (4) a "motion to a speedy and public trial." SCR, Cause No. CR2019-082 at 55–58.

On August 19, 2020, the trial court entered an order setting Gardner's trials in Cause Numbers CR2019-082 and CR2020-108 for October 5, 2020. SCR, Cause No. CR2019-082 at 59–60; SCR, Cause No. CR2020-108 at 15–16. In September 2020, the trial court granted the defense's *ore tenus* motion for a continuance in Cause Numbers CR2019-082 and CR2020-108

- 7 -

"until the next term of th[e c]ourt." SCR, Cause No. CR2019-082 at 61; SCR, Cause No. CR2020-108 at 17. On December 17, 2020, the trial court entered an order setting Gardner's trial in Cause Number CR2019-082 for aggravated assault, two counts of armed robbery, and felon in possession of a weapon for February 11, 2021. SCR, Cause No. CR2019-082 at 62–63. On the same date, the trial court entered an order setting Gardner's trial for felon in possession of a firearm and escape for February 2, 2021. SCR, Cause No. CR2020-108 at 18–19.

On January 21, 2021, Gardner filed a *pro se* "motion to dismiss charges for failure to provide a fast and speedy trial" with a memorandum in support in Cause Numbers CR2019-082 and CR2020-108, arguing that he had been in custody since January 5, 2019. SCR, Cause No. CR2019-082 at 64–71; SCR, Cause No. CR2020-108 at 20–27. On February 4, 2021, the trial court entered an order granting the State's *ore tenus* motion for continuance in both of Gardner's pending cases "until the next term of th[e c]ourt." SCR, Cause No. CR2019-082 at 72; SCR, Cause No. CR2020-108 at 28.

On March 5, 2021, counsel Charles Easley filed a motion for discovery in Cause Number CR2020-108 on Gardner's pending charges of felon in possession of a firearm and escape. SCR, Cause No. CR2020-108 at 29–34.

On April 26, 2021, the trial court entered an order setting Gardner's trial in Cause Numbers CR2019-082 and CR2020-108 for June 9, 2021, and listing Easley as Gardner's counsel in both cases. SCR, Cause No. CR2019-082 at 73–74; SCR, Cause No. CR2020-108 at 25–36. On June 3, 2021, defense counsel filed a motion to continue in each of Gardner's cases "due to the fact that [Gardner]'s counsel ha[d] a scheduling conflict and also need[ed] additional time to investigate [Gardner's] case[s]." SCR, Cause No. CR2019-082 at 75–77; SCR, Cause No. CR2020-108 at 43–45. On the same date, the trial court entered an order in both of

- 8 -

Gardner's cases "reschedul[ing]" Gardner's trial in each case for June 7, 2021, "as a priority setting." SCR, Cause No. CR2019-082 at 78; SCR, Cause No. CR2020-108 at 46. On June 21, 2021, the State filed an objection to Gardner's motion to dismiss his charges in Cause Number CR2019-082 based on an alleged speedy trial violation and a memorandum in support. SCR, Cause No. CR2019-082 at 96–101 (arguing that Gardner was not entitled to dismissal of his charges under analyses of both his constitutional and statutory right to a speedy trial).

On September 7, 2021, the trial court entered an order setting Gardner's trial in Cause Number CR2019-082 for October 6, 2021. SCR, Cause No. CR2019-082 at 102–03. On September 8, 2021, the trial court entered an order setting Gardner's trial in Cause Number CR2020-108 for October 8, 2021. SCR, Cause No. CR2020-108 at 49–50. On October 1, 2021, defense counsel filed a motion to continue in each of Gardner's cases because "[counsel wa]s scheduled for a heart cath[et]er" the day before trial, "resulting in no work for the rest of the week." SCR, Cause No. CR2019-082 at 104; SCR, Cause No. CR2020-108 at 51. Counsel stressed that Gardner did not want a continuance, would not agree to a continuance, and had a motion for speedy trial pending before the court. SCR, Cause No. CR2019-082 at 104; SCR, Cause No. CR2020-108 at 51.

Counsel thus requested a one-week continuance in each of Gardner's cases. SCR, Cause No. CR2019-082 at 104; SCR, Cause No. CR2020-108 at 151. The trial court granted each of the motions "with the State joining in" based on defense counsel's scheduled heart procedure and recovery period and set Gardner's cases for trial during the court's "next term." SCR, Cause No. CR2019-082 at 106; SCR, Cause No. CR2020-108 at 53. On December 10, 2021, the trial court entered an order setting Gardner's trial in Cause Number CR2019-082 for February 15, 2022. SCR, Cause No. CR2019-082 at 107–09. The trial court entered another order in Cause Number

CR2020-108, setting Gardner's trial for felon in possession of a firearm and escape for February 17, 2022. SCR, Cause No. CR2020-108 at 54–55.

On December 27, 2021, Easley filed a motion to withdraw in Cause Numbers CR2019-082 and CR2020-108 because Gardner "complained to the Mississippi Bar about Attorney Easley's representation of [Gardner] on or about November 1, 2021" and "told the Mississippi Bar false information about Attorney Easley" creating "a conflict" of interest. SCR, Cause No. CR2019-082 at 110–12; SCR, Cause No. CR2020-108 at 56–58. On January 11, 2022, the trial court denied both of Easley's motions to withdraw because the court was unable to conclude "based on the information before it, that a conflict of interest ha[d] arisen." SCR, Cause No. CR2019-082 at 113–15; SCR, Cause No. CR2020-108 at 59–60 (noting that "[t]he filing of a bar complaint—standing alone—does not create a *per se* conflict of interest," and the "[c]ourt ha[d] been provided no details regarding the complaint or the Mississippi Bar's investigation of said complaint").

On April 22, 2022, the trial court entered an order setting Gardner's trial in Cause Number CR2019-082 on June 14, 2022. SCR, Cause No. CR2019-082 at 123–24. On the same date, the trial court entered an order setting Gardner's trial in Cause Number CR2020-108 for June 1, 2022. SCR, Cause No. CR2020-108 at 69–70. On July 28, 2022, Gardner filed a *pro se* "motion to dismiss charges for failure to provide a fast and speedy trial" in both of his pending cases. SCR, Cause No. CR2019-082 at 125–30; SCR, Cause No. CR2020-108 at 71–76. On August 23, 2022, the trial court entered orders setting both of Gardner's trials in Cause Numbers CR2019-082 and CR2020-108 on October 11, 2022. SCR, Cause No. CR2019-082 at 131–33; SCR, Cause No. CR2020-108 at 77–79.

On September 27, 2022, Gardner filed a *pro se* "motion to quash the indictment" in Cause Number CR2019-82. SCR, Cause No. CR2019-082 at 134–39.  On October 11, 2022, Gardner filed "statement[s]" "on [his] behalf" in Cause Number CR2019-082, alleging that "Easley could've [given the statements] … to the court, but he [wa]sn't trying to help [Gardner] in no way."  SCR, Cause No. CR2019-082 at 141–44.

> *2022 Charges and Resulting Plea and Sentences and Retiring*
> *of Gardner's 2019 and 2020 Charges to the Files.*

Then, on November 16, 2022, Gardner was charged as a habitual offender under Mississippi Code Annotated § 99-19-83 with "possess[ion of] a cell phone while lawfully confined in the Monroe County Jail, a correctional facility" (Count 1), and conspiracy to introduce marijuana into the Monroe County jail (Count 2), all "between February 1, 2022 and May 1, 2022."  SCR, Cause No. CR2022-408 at 5–6.  On December 1, 2022, the trial court entered an arraignment order listing Thompson as Gardner's counsel, noting that Gardner was an inmate serving twenty years on his revocation, and ordering that Gardner meet with his counsel "on January 23 or 24, 2023" "for purposes of discussing a guilty plea(s)."  SCR, Cause No. CR2022-408 at 11.  On December 2, 2022, Gardner's counsel filed a motion for discovery. SCR, Cause No. CR2022-408 at 14–15.

On December 27, 2022, the trial court entered orders setting all three of Gardner's trials in Cause Numbers CR2019-082, CR2020-108, and CR2022-408 on March 7, 2023.  SCR, Cause No. CR2019-082 at 145–46; SCR, Cause No. CR2020-108 at 80–81; SCR, Cause No. CR2022-408 at 16–17.

On January 11, 2023, Gardner filed a *pro se* "motion to quash the indictment" and "motion to suppress" on his correctional facility charges in Cause Number CR2022-408.  SCR, Cause No. CR2022-408 at 18–22.

On February 27, 2023, Easley filed a motion to continue in each of Gardner's cases in Cause Numbers CR2019-082 and CR2020-108 based on a "doctor's order that state[d] the attorney need[ed] to stay off work along with a copy" of the "MRI results of [counsel]'s injury." SCR, Cause No. CR2019-082 at 147–51; SCR, Cause No. CR2020-108 at 82–86. On March 9, 2023, the trial court entered orders in all three of Gardner's cases, continuing his trials to June 12, 2023. SCR, Cause No. CR2019-082 at 153; SCR, Cause No. CR2020-108 at 87; SCR, Cause No. CR2022-408 at 26.

On March 13, 2023, Gardner filed two *pro se* motions in Cause Number CR2019-082: (1) a "motion to quash the indictment," and (2) a "motion to dismiss for: insufficient evidence, statute of limitations, violation of the right to a speedy trial, and errors in filing the complaint." SCR, Cause No. CR2019-082 at 154–59. On March 20, 2023, Gardner filed a *pro se* "motion to dismiss for: insufficient evidence, statute of limitations, violation of the right to a speedy trial, and errors in filing the complaint" in Cause Number CR2020-108. SCR, Cause No. CR2020-108 at 88.

On April 14, 2023, the trial court entered orders setting all three of Gardner's trials on June 13, 2023. SCR, Cause No. CR2019-082 at 160–62; SCR, Cause No. CR2020-108 at 89–91; SCR, Cause No. CR2022-408 at 27–29. On May 8, 2023, Gardner filed four more *pro se* motions in his pending cases in Cause Numbers CR2019-82 and CR2020-108, including motions entitled: (1) "motion to dismiss"; (2) "motion for severance"; (3) "motion to suppress evidence"; and (4) "motion for discovery." SCR, Cause No. CR2019-082 at 163–180; SCR, Cause No. CR2020-108 at 92–110.

On May 12, 2023, the State filed notices in Cause Numbers CR2020-108 and CR2022-408, "to provide formal notice to [Gardner] and his counsel" of Gardner's prior convictions and

- 12 -

resulting habitual offender status under Mississippi Code Annotated § 99-19-83. SCR, Cause No. CR2020-108 at 110–12; SCR, Cause No. CR2022-408 at 30–32. On June 12, 2023, the State filed responses in opposition to Gardner's *pro se* "motion to quash indictment" and "motion to suppress" in Cause Number CR2022-408. SCR, Cause No. CR2022-408 at 33–37.

On June 14, 2023, the trial court empaneled a jury in Cause Number CR2022-408 on Gardner's correctional facility charges, but Gardner then changed his plea to guilty. SCR, Cause No. CR2022-408 at 50–52, 54–55. Thus, the trial court entered an order accepting Gardner's guilty plea to the charges of possession of contraband in a correctional facility (Count 1) and conspiracy (Count 2) and sentenced Gardner to a term of fifteen years with fifteen years suspended and five years of PRS on Count 1 and five years in MDOC custody on Count 2, to run consecutively to Count 1 and any other sentences that Gardner was serving. **Exhibit F**; *see also* SCR, Cause No. CR2022-408 at 50–52. The trial court also ordered that Gardner "shall be immediately transported to a MS Department of Corrections facility" due to security concerns. SCR, Cause No. CR2022-408 at 53.

On the same date, the State filed motions to retire Gardner's charges in Cause Number CR2019-082 for aggravated assault, two counts of armed robbery, and felon in possession of a firearm, and in Cause Number CR2020-108 for felon in possession of a firearm and escape to the files, asserting that "because of the special circumstances in these cases, the interest of justice would be best served by the requested relief." SCR, Cause No. CR2019-082 at 181; SCR, Cause No. CR2020-108 at 116. That same day, June 14, 2023, the trial court entered orders retiring Gardner's charges in Cause Numbers CR2019-82 and CR2020-108 to the files. **Exhibits G, H**; *see also* SCR, Cause No. CR2019-082 at 182; SCR, Cause No. 2020-108 at 117.

**Post-Conviction Proceedings**.

- 13 -

On September 1, 2023, Gardner filed a *pro se* motion for post-conviction collateral relief ("PCR motion") and a motion for records and transcripts (each with a signature date of August 29, 2023). SCR, Cause No. CV2023-278 at 4–22. The last five pages of Gardner's motion for records and transcripts consist of the remaining pages of his state PCR motion. SCR, Cause No. CV2023-278 at 4–22.

As detailed below, the trial court's order confirms that it construed Gardner's state PCR motion to challenge his 2020 PRS revocation and his 2023 plea and resulting sentences. **Exhibit I**; *see also* SCR, Cause No. CV2023-278 at 23–24. In his state PCR motion, Gardner argued that: he "ha[d] been lock[ed] up since Nov. 2019"; "[his] probation was violated" in Cause Number CR2020-108; he "put in a lot of speedy trial motion[s] but the Monroe County wouldn't take [him]"; in June 2021, "[he] was court order[ed] to have a trial on CR2019-082 and CR2020-108 but denied the right to that"; "[he] never ask[ed] the court to go to trial on CR2022-408[, but] the State of Mississippi was making [him] go" and "told [him] that [his] speedy trial motions didn't mean anything"; "[he] put in a motion dealing with CR2022-408 and they didn't hav[e] a motion hearing not one time"; and "[he is] *pro se* in the court of Monroe County Circuit Court," and "they han[dl]e [him] so bad." SCR, Cause No. CV2023-278 at 4–22.

On September 12, 2023, the trial court filed an "Order Granting IFP, Denying Post-Conviction Relief, Denying Motion for Transcript and Records." **Exhibit I**; *see also* SCR, Cause No. CV2023-278 at 23–24. On "the merits of [Gardner]'s [PCR motion,]" the trial court explained its denial:

> On June 14, 2023, following jury selection and empanelment, [Gardner] withdrew his plea of not guilty and entered a plea of guilty to possessing contraband in a correctional facility and conspiracy to introduce contraband in a correctional facility. *See* Monroe County Circuit Court Cause Number 22-CR-408(PF)M. He was sentenced to fifteen years, with said fifteen years suspended, followed by five

- 14 -

years [PRS] for the possession charge and a consecutive five-year sentence on the conspiracy charge.

[Gardner] argues his plea was involuntary because the State was "forcing" him to go to trial in 22-CR-408(PF)M, rather than 20-CR-108(PF)M or 19-CR-082(PF)M. As part of the plea, those charges were retired to the file. [Gardner] fails to appreciate that the [c]ourt sets the trial docket—not [Gardner] and not the State—and [Gardner] ultimately stood to be tried on any and all of the causes against him. [Gardner] also argues that, because his probation was revoked for the charges that were retired to the file, he should be released. However, "[t]he standard for revocation is not the high one required for conviction, but whether a preponderance of the evidence shows there was a violation at the time of the revocation." *Williams v. State*, 298 So. 3d 416, 419 (Miss. Ct. App. 2020). This [c]ourt found by a preponderance of the evidence that Gardner violated his probation. The fact two causes were retired to the file "does not require the automatic reversal of that decision." *Id.*

**Exhibit I**; *see also* SCR, Cause No. CV2023-278 at 23.

Finally, in denying Gardner's *pro se* motion for transcripts and records, the trial court

noted that Gardner:

request[ed] the [c]ourt provide him a free copy of "all pertinent records and transcripts in cause no. CR-2022-408" to allow him to investigate "[a]ny and all other violations which occurred during the resulting guilty plea, as can be adduced by the said records and transcripts." A petitioner filing a PCR motion may, upon showing good cause and within the [c]ourt's discretion, be entitled to a free copy of the documents pursuant to Miss. Code Ann. § 99-39-15. *See Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989). However, [Gardner] is not entitled to a free copy solely to "conduct a 'fishing expedition' for grounds upon which to attack his conviction and sentence." *Id.* at 507. Additionally, [Gardner] would have a right to a free transcript or other court documents if he had not waived his right to appeal by pleading guilty. *Id.* at 508. [Gardner] may obtain copies of the documents requested pursuant to Miss. Code Ann. § 25-61-1, *et seq.*, upon payment of a reasonable fee to be charged by the [c]ircuit [c]lerk.

**Exhibit I**; *see also* SCR, Cause No. CV2023-278 at 23–24. The trial court then set forth the

standard for obtaining copies of trial records at the State's expense:

To be entitled to a free copy of the documents at the PCR stage, an indigent petitioner must show a specific need for the documents "or that the documents sought are necessary to decide a specific issue" "other than a desire to pick the bones on his conviction and sentencing proceedings for any possible infirmity[.]" *Id.* at 507–08. [Gardner] "made only a naked allegation of ineffective assistance

- 15 -

of counsel" which is "insufficient to justify the awarding of a free copy of his [plea] transcript." *Id.* at 507. Nor has [Gardner] made a satisfactory showing that the documents are necessary to decide the issues raised.

**Exhibit I**; *see also* SCR, Cause No. CV2023-278 at 24 n.1.

The State's search of MEC and the Mississippi Supreme Court's docket, as available on the court's official website, confirmed that Gardner did not timely appeal the trial court's order. The Mississippi Supreme Court's docket confirms that Gardner has not filed any actions in that court, as of the filing of this memorandum opinion.

### MDOC Administrative Remedy Program ("ARP") Grievance

Meanwhile, on January 1, 2021, Gardner submitted a grievance via the MDOC ARP that was received on January 13, 2021, and assigned number CMCF-21-081. **Exhibit J** at 2–3. In his grievance, Gardner challenged the terms of his sentencing order on his burglary revocation originally filed on April 14, 2020, that incorrectly named another person and a sale of cocaine conviction in the body of the order. **Exhibit J** at 3–4. For relief, Gardner requested "[t]hat the court correct [his] time and that [the] record dep[artment] look at [his] sentencing order thoroughly" and "[f]orward [him] a corrected sentence order from [the] Monroe County Circuit Court." **Exhibit J** at 3.[4]

On January 13, 2021, the director of the MDOC ARP issued a rejection notice of Gardner's grievance because his requested "relief [wa]s beyond the power of the [ARP] to grant." **Exhibit J** at 1. Gardner signed an "inmate receipt" of the rejection notice on March 15, 2021. **Exhibit J** at 6.

### Federal *Habeas Corpus* Petition

---

[4] As detailed above, on September 28, 2020, the trial court entered an amended order revoking Gardner's revocation to correct its earlier scrivener's errors. **Exhibit E**; *see also* SCR, Cause No. CR2017-177 at 63–65.

- 16 -

Gardner signed and filed the instant *pro se* federal petition for a writ of *habeas corpus* on August 29, 2023. Doc. 1. As set forth above, Gardner cites the three Monroe County Circuit Court pleas and sentences listed on his MDOC inmate time sheet for: (1) residential burglary in Cause Number CR2017-177 (Count 2) and resulting 20-year sentence in MDOC custody, followed by a 5-year term of probation; (2) conspiracy in Cause Number CR2022-408 (Count 2) and resulting 5-year sentence in MDOC custody to run consecutive to his 20-year sentence in Cause Number CR2017-177; and (3) possession of contraband in prison in Cause Number CR2022-408 (Count 1) and resulting 5-year term of probation to run consecutive to his 5-year sentence in Cause Number CR2022-408 (Count 2). *See* Doc. 1 at 1; **Exhibit A**. He alleges that he was held in custody awaiting trial "on charges [he] filed a motion on," and "in April of 2022[, he] was charge[d] with CR2022-408." Doc. 1 at 2. Gardner argues that "[he] ha[s] proof of entrapment, double jeopardy and violation of [his] const. of right [sic]." Doc. 1 at 2.

Gardner lists the following grounds for relief: (1) the charges used to violate his probation were ultimately dismissed, and he "ha[s] all [of his] written motion[s] and other paperwork [he] need[s] to show that [he is] false[ly] in prison"; (2) he "ha[s] paper work to show [the Court]"; (3) left blank by Gardner; and (4) "entrapment and double jeopardy," and he "ha[s] paper to prove and show [the Court]" that his charges were "drop[ped]." Doc. 1.

In paragraph 18, Gardner contends that his "probation was unlawfully revoked," that he is "unlawfully held in custody," and that the Monroe County Circuit Court violated his due process rights by "not want[ing] to respect any of [his] motion[s]" and "refus[ing] to respect [him] as being a *pro se*" litigant. Doc. 1 at 13. Gardner also cites various constitutional amendments and cites Cause Number CR2019-082 (his charges for aggravated assault, two counts of armed robbery, and felon in possession of a firearm that were ultimately retired to the

- 17 -

files), Cause Number CR2020-108 (his charges for felon in possession of a firearm and escape that were ultimately retired to the files), and Cause Number CR2022-408. Doc. 1 at 13.

Construing Gardner's petition liberally, his petition challenges his 2020 PRS revocation. *See* Docs. 1, 4; *see also Haines v. Kerner*, 404 U.S. 519 (1972) (court must construe *pro se* pleadings liberally). The 2020 revocation was based on additional charges, and the State ultimately retired those charges to the files – after his 2023 plea and sentences for possession of contraband in a correctional facility and conspiracy. *See* Docs. 1, 4.

Gardner concedes throughout his petition that he never exhausted his claims in state court before seeking relief in this federal court. *See* Doc. 1. Gardner maintains that he failed to exhaust his claims because "[he] was scared" and "[b]ecause [he] was threaten[ed] with a life sentence." Doc. 1 at 5, 7, 9–11. As discussed below, the court will dismiss Gardner's challenge to his 2020 post-release supervision (PRS) revocation with prejudice for want of substantive merit.

### Gardner's Challenges to His 2020 Post-Release Supervision and June 2023 Plea and Sentences Are Without Substantive Merit[5]

Gardner argues that the State improperly revoked his 2020 post-release supervision based on additional charges against him that were, ultimately, retired to the files – after his revocation and his plea of guilty to additional charges (possession of contraband in a correctional facility and conspiracy). *See* Doc. 1. He raised challenges to his 2020 PRS revocation and 2023 plea and resulting sentences in his state PCR motion, and the trial court rejected them. **Exhibit I**; *see also* SCR, Cause No. CV2023-278 at 132–33.

---

[5] Though the exhaustion of state remedies is a prerequisite for the court to **grant** *habeas corpus* relief, the court may nonetheless **deny** relief when a claim has no merit. *See Neville v. Dretke*, 423 F.3d 474, 480–482 (5ᵗʰ Cir. 2005) (a district court may deny relief on unexhausted *habeas corpus* claim).

- 18 -

Gardner argued in the trial court that his plea was involuntary because the State was "forcing" him to go to trial in 22-CR-408(PF)M, rather than 20-CR-108(PF)M or 19-CR-082(PF)M. In accordance with his negotiated plea agreement, those charges were retired to the file. The trial court explained that the *court* sets the trial docket – not the defendant or the State. Gardner could have stood trial as to *any* of the pending charges; however, the State chose to use the ultimately retired charges as the basis to revoke his probation (with proof by a preponderance of the evidence), rather than proceed to trial on those charges (which would require the much higher standard of proof beyond reasonable doubt.) Gardner also argued that retiring the charges to the file nullified the revocation of his probation – thus requiring his release. However, as discussed below, retiring those charges to the file simply does not invalidate the revocation of probation based upon those charges. **Exhibit I**; *see also* SCR, Cause No. CV2023-278 at 132–33.

This court recently decided a case arising out of nearly identical facts – a case with a different defendant – also with the last name "Gardner." *James Gardner v. Panola County*, No. 3:23CV51-MPM-JMV, 2023 WL 3767061, at *3 (N.D. Miss. June 1, 2023).[6] In the previous case, J. G. argued that his revocation was improper because the new charges (which precipitated the revocation) were retired to the files. 2023 WL 3767061 at *7. This argument is precisely the same the petitioner's claim in the present case. Further, as J. G.'s PRS was revoked because he committed new felonies, proved by a preponderance of the evidence, the revocation was proper under Mississippi law. *Id.*; *see also Amerson v. State*, 325 So. 2d 1225 (Miss. Ct. App. 2021) (new felonies—shown by a preponderance of the evidence—merit imposing the suspended

---

[6] The facts of these two cases – and the names of the two petitioners – are extremely similar. As such, to avoid confusion, for the remainder of this memorandum opinion, the court will refer to the petitioner in the prior case as "J. G." and the instant petitioner either as "petitioner" or "Gardner."

sentence, rather than a sentence of ninety days or less in a Technical Violation Center).  J. G.'s

challenge was thus meritless.  *Gardner*, 2023 WL 3767061 at \*7.

  Likewise, in the present case, the fact that the new charges were passed to the files is

irrelevant, as "the State need only show that it was more likely than not that [the petitioner]

violated the terms of his probation."  *Id.* (citing *Fairley v. State*, 138 So. 3d 280, 282 (Miss. Ct.

App. 2014).  In this case, the court received evidence in the form of written narratives by two

law enforcement officers, a photo of a handgun, and a video on CD (filed by the defense).  SCR,

Cause No. CR2017-177 at 62.  The trial court found that the State had proved violation of the

law (and, thus, violation of the conditions of supervised release) by a preponderance of the

evidence, and the petitioner has offered nothing more than conclusory allegations to the contrary.

As such, this claim will be dismissed as frivolous.

  Further, as the court held in the J. G. case, to the extent that the petitioner alleges that the

revocation violates his double jeopardy rights, that claim is also frivolous.  *Gardner*, 2023 WL

3767061 at \*7.  A petition to revoke probation or to revoke suspension of a sentence is neither a

criminal case nor a trial on the merits; as such, double jeopardy does not apply.  *See Williams*,

334 So. 3d at 184–85; *Osborne v. U.S. Dist. Court, Southern Dist. of Miss.*, 132 F.3d 1456, 1997

WL 803105 (5th Cir. 1997) (unpublished) ("The Double Jeopardy Clause does not apply to

parole revocation hearings.") (citing *Cortinas v. United States Parole Comm'n*, 938 F.2d 43, 46–

47 (5th Cir. 1991))).  As such, this ground for relief will likewise be dismissed with prejudice as

frivolous.

### Conclusion

  For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be

dismissed with prejudice as frivolous.  A final judgment consistent with this memorandum opinion

will issue today.

**SO ORDERED**, this, the ⊆⊆ day of August, 2024.

_____

SENIOR JUDGE